On Application for Rehearing.
Watkins, J.
Several defects in our opinion are suggested and in those particulars we are requested to amend our decree or grant intervenor and third opponent a rehearing.
The first one is that until it is first established that the defendant, Walton, is indebted to the plaintiff, Learned, in some fixed amount, the latter has no right to contest the validity of the sale to Mrs. Rosenthal. This is true, no doubt, as a general proposition, but the principle can not be properly invoked here.
The plaintiff held a mortgage for about $8000 on Walton’s plantation and immovables by destination, and sought to foreclose by ex-ecutory proceedings. Not knowing what the land alone would sell for, he sought by sequestration to recover the immovables by destination which the defendant had removed from the mortgaged property, when he was met by Mrs. Rosenthal’s third opposition and claim of ownership of the removed property. During its pendency the land and growing crop were sent to sale and realized $11,000, bid by the plaintiff.
It is the present contention of the third opponent that the proceeds of sale of the land are more than sufficient to discharge the debt with interest, attorney’s fees and all costs, and that there will be no necessity for the sale of the movables by destination or the collection of the forthcoming bond; and that the question of the simulation of the sale to Mrs. Rosenthal should be deferred. This may or may not be'so. It is quite impossible for us to decide that question now. A question of costs was non-suited and remanded for the court a qua to determine on rule. When it shall have determined the question of costs, nothing will remain to be done but to cast up a settlement and *466 ascertain how the balance stands, for or against defendant. If nothing remains due no further proceeding will be entertained looking to the enforcement of the forthcoming bond or the sale of the movables by destination.
But we need not disturb our decree. It will suffice to preserve the status quo in respect to both, and direct that no further proceedings be taken until the amount of costs and charges is determined; provided the property be restored to the custody of the sheriff or otherwise satisfactorily accounted for.
The second point is that the third opponent was not properly put in default, no order of court having been granted directing her to return the property for sale; and if the demand made by the sheriff was sufficient, it was, under the circumstances, practically impossible for him to have returned it by the day of sale. We do not understand that a forthcoming bond operates an absolute release of property from seizure. The law merely extends to the claimant the grace of keeping the property in his custody, pending third opposition contesting the seizure, merely to economize cost.
The only effect of putting the claimant in default is to make the bond exigible. For this purpose a notification by the sheriff is sufficient. An order of court was unnecessary. If, for any reason, it is out of the claimant’s power to return the property on the day fixed for its sale, the execution of the bond may be resorted to, and any other property of hers seized and sold; but it would be competent for her at any time before sale of property under execution on the bond to return the property bonded, and thus abate further proceedings. The date for the return of the property is ordinarily fixed in the bond, and must be rigorously adhered to on the penalty of proceedings of forfeiture being commenced instanter; subject, as we have just stated, to the claimant’s or debtor’s subsequent return of the property released.
The mortgage creditor was entitled to sell all of the immovables by destination under his order of seizure and sale, or under an execution on the forthcoming bond. We have recognized his rights so to proceed, but have restrained all further proceedings until the amount of cost is ascertained.
In the instant case the third opponent’s contention is that as the property in question was on Union Point plantation, forty-eight miles distant from the sheriff’s office, two days’ notification was *467 insufficient, because in the then condition of the roads two weeks’ time would have been required to effect a delivery. It must be borne in mind that third opponent’s injunction only restrained the sheriff from declaring the bond forfeited. Evidently there has already elapsed much more time than was requisite for that purpose, and our decree dissolving the injunction will operate a forfeiture by judicial decree if the property has not been surrendered. But if the released property is not surrendered the creditor can proceed on the bond. One, or both, must respond to the balance due the creditor after the costs have been ascertained, and the proceeds of sale of the land have been first applied to the amount of the principal, interest and cost of the debt.
The third point suggested is, that because W. G. Walton leased Ashland plantation for the year 1888, with the knowledge and full acquiescence of Learned, it necessarily follows that the products raised by him on that plantation during that year are his, and his sale thereof to Mrs. Rosenthal was valid.
In this we think third opponent’s counsel is correct. This lease 'is not attacked in these proceedings by Learned. The possession of W. G. Walton in 1888 is substantiated by proof. The products raised on the place are presumably his and do not form a part of the mortgage debtor effects, which was placed on the mortgaged property for its service and improvement; and hence same does not constitute any part of the immovables by destination. It ought therefore to be declared not subject to the seizure and sale, and that plaintiff has no right of action against it.
In this respect our former decree should be amended. It was not our intention to impose on the defendant particularly, or on any other party, the duty or responsibility of obtaining a rule for the ascertainment and taxing of costs. We made merely a suggestion. We will be more specific and embody it in a supplemental decree.
It is therefore ordered and adjudged that our decree herein previously rendered be so amended as to declare that all products raised on the Ashland plantation in 1888 are not immovables by destination, not subject to plaintiff’s mortgage, and that same shall be released to the third opponent.
It is further and finally ordered and decreed that the right of any and all parties is reserved to proceed by rule against proper parties to have costs, other than those fixed in the statutory fee bill, taxed *468 according to law, and that during the pendency of the proceedings to tax costs, all further proceedings in the enforcement of the forthcoming bond or in the sale of the property bonded, be stayed, that in all other respects our former decree remain undisturbed and that a rehearing be refused.